Borenstein, J.
Sakura Realty Trust (“plaintiff’) brought this action for breach of contract and G.L.c. 93A to recover damages for an alleged default by its commercial tenant, Bedworx, Inc. (“defendants”). Both parties now move for summary judgment pursuant to Mass.R.Civ.P. 56. After a hearing, for the reasons set forth below, defendants’ motion is DENIED and plaintiffs motion is ALLOWED.
BACKGROUND
The undisputed material facts are as follows: On January 28, 1994, the parties entered a commercial lease agreement for the rental of space in a shopping plaza in Natick, Massachusetts. The lease itemized all alterations and construction to be performed by the landlord. The agreement also specified binding arbitration as the remedy for disputes other than those arising from the tenant’s default.
*93 Before signing the agreement, defendants had consulted with Merchandise Construction Management (“MCM”), who was employed to design the interior of defendants’ store. In February of 1994, pursuant to MCM’s design plan, defendants sought to remove a bearing wall; the cost of the removal was estimated at $30,000-$40,000. The removal of the wall was not among the itemized repairs in the lease agreement. Plaintiff, however, agreed to contribute $7000 toward the removal.
In April 1994, defendants stated that plaintiffs failure to remove the wall constituted a material breach of the lease, and that they would not be occupying the premises. In May, plaintiff notified defendants that they were in default on their lease obligations.
DISCUSSION
Summary judgment is allowed where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
. Defendants have moved for summary judgment pursuant to the arbitration provision in the lease agreement. The provision reads: “Other than default by the Tenant under Article XIV, disputes between the parties shall be resolved by immediate, final and binding arbitration with the American Arbitration Association . . .” Article X3V reads in relevant part: “In the event of any failure of Tenant to pay any rental due hereunder... or any failure to perform any other of the terms, conditions, or covenants of this lease to be observed or performed by Tenant ... or if Tenant shall abandon said premises . . . then Landlord besides other rights or remedies it may have, shall have, subject to obtaining a judgment for possession in a court of competent jurisdiction, the immediate right of summary process.”
Defendant’s failure to occupy the premises and to pay rent owed under the lease agreement falls squarely within the default provision contained in Article XIV. As a matter of law, defendant’s default is not subject to the arbitration clause. Defendant’s motion for summary judgment must therefore be denied.
Plaintiff moves for partial summary judgment on liability, arguing that, as a matter of law, the lease agreement is still in effect and that defendant has defaulted on its lease obligations. Defendant argues that summary judgment is precluded because there are material issues of fact as the validity of the lease.
Specifically, defendant first maintains that the cost of tearing down the bearing wall represents a mutual mistake of fact that renders the lease agreement voidable. A contract may only be voided for mutual mistake if the adversely affected party does not bear the risk of the mistake. Massachusetts Municipal Wholesale Electric Co. v. Danvers, 411 Mass. 39, 52, n. 8 (1991); Restatement 2d Contracts, §151. A party bears the risk of mistake “when he is aware, at the time the contract is made, that he only has limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient.” Id. at §154.
In this case, defendant consulted with MCM before entering the lease, and was aware of the existence of the wall and the necessity of its removal. If tearing down the wall was indeed critical to the intended use of the premises, defendant should have considered the possibility that the wall might be load bearing. The fact that the removal of the wall was not included in the itemized list of repairs further indicates that defendants bore the risk of the mistake.
Defendants’ second argument against summary judgment is that the expense connected to removing the bearing wall constituted “frustration of purpose,” thus excusing defendants from their obligations under the lease. This doctrine applies when performance remains possible but the expected value of the performance to the party being excused is destroyed by an unforeseen supervening event. Chase Precast Corp. v. John J. Paonessa Co Inc., 409 Mass. 371, 374-75 (1991). Relevant issues include the foreseeability of the supervening event, allocation of the risk of occurrence of the event, and the degree of hardship to the promisor. Id. at 375, n.4.
As discussed above, defendants bore the risk of the wall involving expensive removal, and should have foreseen that possibility. Defendant’s carelessness does not entitle it to escape its obligations by voiding the lease.
The lease agreement thus remains in effect between the parties. Defendants’ uncontroverted failure to occupy the premises and pay rent due under the lease results in their liability as a matter of law. The only remaining issue is the amount of damages incurred by plaintiff.
ORDER
For the foregoing reasons, it is ORDERED that defendant’s motion for summary judgment be denied. It is further ORDERED that summary judgment enter for plaintiff on the issue of liability. The parties will be notified by the Court of a future hearing on an assessment of damages.